# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-13-0135 |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-3107 |
| LEOPOLDO JESUS GARCIA. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Leopoldo Jesus Garcia, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 132.)

The Court has carefully considered the motion, the record, and the applicable law, and DENIES the section 2255 motion, as follows.

*Procedural Background and Claims*

Defendant pleaded guilty pursuant to a plea agreement to conspiring to interfere with commerce by threats or violence in violation of 8 U.S.C. § 1951(a), and aiding and abetting possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2. He was sentenced to a total of 93 months incarceration, followed by three years' supervised release. Defendant waived his right to appeal, and no appeal was taken.

Defendant filed the instant motion on October 30, 2014, claiming that his trial counsel was ineffective in allowing him to plead guilty because the Government was guilty of outrageous conduct.

## *Standard of Review*

After a defendant has been convicted and exhausted his appeal rights, if any, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). He may challenge his conviction or sentence after it is final by moving to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Relief under section 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Section 2255 relief is available only in limited circumstances, and is not meant to substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Issues raised and decided on appeal from the underlying conviction are not considered in section 2255 proceedings. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in section 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Generally, a conviction will be overturned under section 2255 only if the defendant raises "issues of constitutional or jurisdictional magnitude" and demonstrates "cause and actual prejudice." *Id.* That is, section 2255 relief is not to be used for the routine correction of run-of-the-mill legal or factual errors, particularly if these issues could have been raised on appeal.

*Analysis*

Defendant contends that the Government was guilty of outrageous conduct, which trial counsel should have raised as a defense instead of advising him he should plead guilty.

The standard for proving outrageous government conduct is extremely demanding. "Government misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment." *United States v. Mauskar*, 557 F.3d 219, 231–32 (5th Cir. 2009) (citations and quotations admitted). Such conduct will only be found in the "rarest" of circumstances. *Id*. In attempting to show outrageous conduct by the Government, Defendant here argues that the Government created the underlying conspiracy by creating a criminal enterprise and "target[ing] low poverty level, poor people who have distorted moral compasses, to which are willing to participate in a plot, or scheme by the Government" to make money. (Docket Entry No. 132, p. 1.) Defendant argues that this Court should sanction such unconstitutional outrageous conduct by reversing his conviction.

Defendant lists several factors that a court should consider in assessing an outrageous conduct claim, such as the known criminal characteristics of the defendant, the Government's individualized suspicion of the defendant, and the Government's role in creating the conviction and encouraging the defendant to commit the offense. However, Defendant wholly fails to direct this Court to any evidence or facts in the record that would establish these factors in his favor, and his conclusory allegations, unsupported in the record, are insufficient to demonstrate

a violation of his constitutional rights for purposes of this section 2255 motion. Regardless, the Fifth Circuit Court of Appeals has not adopted these factors, or any other specific factors, regarding claims of outrageous government conduct.

The Court has carefully reviewed the record in Defendant's case, and finds no support for his claim of outrageous government conduct. Consequently, Defendant fails to show that trial counsel was deficient in failing to pursue the defense of outrageous conduct, and no ineffective assistance of counsel is shown. *See Strickland v. Washington*, 466 U.S. 668 (1984).

### *Conclusion*

Defendant's section 2255 motion (Docket Entry No. 132) is DENIED. A certificate of appealability is DENIED.

The Clerk of Court is ORDERED to ADMINISTRATIVELY CLOSE and TERMINATE all pending motions in the corresponding civil case, C.A. No. H-14-3107.

Signed at Houston, Texas on November 17, 2014.

_____
Gray H. Miller
United States District Judge